IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

**JUSTIN PAYTON and CRAIG BECK,**  **PLAINTIFFS**
Each Individually and on behalf
of all Others Similarly Situated

vs.                                        No. 7:19-cv-104

**WESLEY HOWELL**                          **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Justin Payton and Craig Beck, each individually and on behalf of all others similarly situated, by and through their attorney Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendant Wesley Howell ("Defendant"), and in support thereof they do hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.     This is a collective action brought by Plaintiffs Justin Payton and Craig Beck ("Plaintiffs"), each individually and on behalf of all other Operators and Lead Operators employed by Defendant at any time within a three-year period preceding filing of this Complaint.

2.     Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiffs and other Operators and Lead Operators lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

4. Plaintiffs and the members of the proposed class were, at times, misclassified by Defendant as exempt and paid a day rate.

## II.    JURISDICTION AND VENUE

5. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. The acts complained of herein were committed and had their principal effect within the Midland/Odessa Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

7. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

8. The witnesses to overtime violations alleged in this Complaint reside in this District.

9. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

10. Venue is proper in this District. *See* 28 U.S.C. §§ 1391 (b) & (c).

## III.     THE PARTIES

11.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

12.     Plaintiff Justin Payton is a resident and citizen of Faulkner County, Arkansas. He was employed by Defendant as a Flowback Operator within the three (3) years preceding the filing of this Complaint.

13.     Plaintiff Craig Beck is a resident and citizen of Pope County, Arkansas. He was employed by Defendant as an Operator within the three (3) years preceding the filing of this Complaint.

14.     Within the relevant time period, Plaintiffs were classified by Defendant as exempt from overtime wages and paid a day rate.

15.     At all times material herein, Plaintiffs have been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

16.     Defendant Wesley Howell is an individual and a resident of Oklahoma.

17.     Defendant may be served at Wesley Howell, 803 South Main Street, Elk City, Oklahoma 73644.

18.     Defendant operates a company called Howell Oilfield Enterprises, LLC.

19.     Defendant is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer, as well as the employer of the members of the class.

20. Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

21. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

22. Defendant acted as the employer of Plaintiffs and the proposed collective members and has been engaged in interstate commerce as that term is defined under the FLSA.

## IV.    REPRESENTATIVE ACTION ALLEGATIONS

23. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Operators and Lead Operators and/or who were or are employed by Defendant and who are entitled to payment for all of their overtime wages which Defendant failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

24. In addition, and in the alternative, Plaintiffs bring this action in his individual and personal capacity, separate and apart from the class claims set forth herein.

25. Plaintiffs also bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Collective Class is defined as follows:

**All Operators and Lead Operators Employed within the Past Three Years.**

26. This group includes, but is not necessarily limited to, workers paid a day rate and employed in states where Defendant does business. Defendant failed to pay these workers at the proper overtime rate. These employees are similarly situated to Plaintiffs and are owed overtime for the same reasons.

27. Plaintiffs are unable to state the exact number of the class but believe that the class membership exceeds 25 persons. Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

28. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

29. The email addresses or cell phone numbers of many of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via email and/or text message to their last known email addresses/cell phone as soon as possible.

30. Oilfield workers are by category not at their residences as frequently as many other working-class Americans. As such, they rely on email just as much or more so than typical wage earners, who themselves live their lives with a growing dependence upon email as opposed to traditional U.S. Mail.

31. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

   A. Defendant's uniform misclassification of them as exempt employees under the FLSA; and

B.  Defendant's failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

32. Plaintiffs allege that Defendant failed to paid Plaintiffs and members of the class an overtime rate of one and one-half times their regular rate of pay as required by the FLSA; Defendant paid Plaintiffs and members of the collective a day rate with no overtime premium.

33. This action is properly brought as a collective action pursuant to the collective action procedures of the FLSA.

34. Plaintiffs bring this action on behalf of themselves individually *and* all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

## V.   FACTUAL ALLEGATIONS

35. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

36. Within the time period relevant to this case, Plaintiffs worked for Defendant as Operators.

37. Within the time period relevant to this case, Plaintiffs and other similarly-situated employees worked in excess of forty (40) hours per week throughout their tenure with Defendant.

38. On average, Plaintiffs and other similarly-situated employees worked over 60 hours per week.  They did not receive any overtime compensation.

39. Within the time period relevant to this case, Plaintiffs and other similarly-situated employees were misclassified as exempt and paid a day rate.

40. Plaintiffs and other similarly-situated employees never agreed that their day rate would be sufficient to cover all hours worked.

41. Upon commencement of work for Defendant, Plaintiffs and other similarly-situated employees did not sign any contract of employment setting forth their hours or wages. They were not guaranteed a salary and were paid only for the days they worked.

42. In performing their services for Defendant, Plaintiffs and other similarly-situated employees were not required to utilize any professional education relevant to their job duties.

43. Plaintiffs and other similarly-situated employees were classic blue-collar workers, spending physical, demanding, long shifts working on and with machinery, and not in an office.

44. During the course of their employment, Plaintiffs and other similarly-situated employees did not manage the enterprise or a customarily recognized subdivision of the enterprise.

45. Plaintiffs and other similarly-situated employees did not select any employees for hire nor did they provide any training for any employee. Plaintiffs and other similarly-situated employees had no ability to hire and fire any employee.

46. Plaintiffs and other similarly-situated employees did not have any control of or authority over any employee's rate of pay or working hours.

47. Plaintiffs and other similarly-situated employees did not maintain or prepare production reports or sales records for use in supervision or control of the business.

48. Similarly, Plaintiffs and other similarly-situated employees did not have any responsibility for planning or controlling budgets.

49. Defendant did not pay Plaintiffs and other similarly-situated employees one and one-half times their regular rate of pay for all hours worked over forty per week.

50. Plaintiffs worked for Defendant in various places in Texas, and Defendant's pay practices were the same at all locations.

51. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and its other Operators and Lead Operators violated the FLSA.

52. Plaintiffs and other Operators and Lead Operators for Defendant routinely used hard hats, drilling equipment, lubricators, blow-out preventers, wrenches, and other tools, in performing their job duties. Thus the employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

53. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

54. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207 (LEXIS 2013).

55. Defendant intentionally misclassified Plaintiffs as exempt from overtime compensation.

56. Defendant deprived Plaintiffs of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

57. Defendant's conduct and practice, as described above, is and has been at all times relevant hereto, willful, intentional, unreasonable, arbitrary and in bad faith.

58. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

59. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

60. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

61. Defendant required Plaintiffs and similarly situated members of the class to work in excess of forty (40) hours each week but failed to pay Plaintiff sand the class members overtime compensation for all of the hours in excess of forty (40) in each workweek.

62. Defendant deprived Plaintiffs and the class members overtime compensation for all of the hours over forty (40) per week, in violation of the FLSA.

63. Defendant's conduct and practice, as described above, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

64. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and similarly situated members of the class for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA.

65. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and similarly situated members of the class as provided by the FLSA, Plaintiffs and similarly situated members of the class are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   WILLFULNESS

66. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

67. All actions by Defendant were willful and not the result of mistake or inadvertence.

68. Defendant knew or should have known that the FLSA applied to the operation of its oil and gas well operations at all relevant times.

69. Defendant knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations involving the misclassification of positions very similar to Operators and Lead Operators.

70. Law in support of the position taken by Plaintiffs in this lawsuit is reflected in the U. S. Department of Labor – Wage and Hour Division Fact Sheet #17B. Significantly, the information in the Fact Sheet predates the intentional non-payment of overtime planned and committed by Defendant within the time period of the statute of limitations that is applicable to this case.

71. Despite being on notice of its violations, Defendant chose to continue to misclassify Plaintiffs and other members of the proposed collective class and withhold overtime wages to them in an effort to enhance their profits.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Justin Payton and Craig Beck, each individually and on behalf of all others similarly situated, respectfully pray for relief and damages as follows:

A. That Defendant be summoned to appear and answer herein;

B. That Defendant be required to account to Plaintiffs, the class members, and the Court for all of the hours worked by Plaintiffs and the class members and all monies paid to them;

C. A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E. Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

F. Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the Collective during the applicable statutory period;

G. An order directing Defendant to pay Plaintiffs and members of the Collective prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

H. Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**JUSTIN PAYTON and CRAIG BECK, Each Individually and on behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com
